## MULTICARE HEALTH SYSTEM, a not for profit corporation, Plaintiff—Appellant,

v.

## MAPLEHURST BAKERIES INC., a foreign corporation; George Weston Bakeries Inc., a foreign corporation, Defendants—Appellees,

v.

Benicorp Insurance Company, an Indiana insurance company; Avemco Insurance Company, a Maryland insurance company, Third–party–defendants–Appellees.

No. 05–36161.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 10, 2008.

Filed Feb. 1, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Timothy J. Parker, Esq., Carney Badley Spellman, PS, Seattle, WA, for Plaintiff–Appellant.

Bruce Lamka, Esq., Michele Radosevich, Davis Wright & Tremaine, LLP, Seattle, WA, for Defendants–Appellees.

Jerry H. Kindinger, Esq., William R. Hulen, Esq., Ryan Swanson & Cleveland, Jerry B. Edmonds, Esq., Jennifer M. Gannon, Esq., Williams Kastner & Gibbs, PLLC, Seattle, WA, for Third–party–defendants–Appellees.

Before: BEEZER, KLEINFELD, and TALLMAN, Circuit Judges.

## MEMORANDUM *

MultiCare Health System, Inc. appeals the magistrate judge's order granting summary judgment in favor of appellee Maplehurst Bakeries, Inc. on MultiCare's state law breach of contract claim. We review de novo, *Olympic Pipe Line Co. v. City of Seattle*, 437 F.3d 872, 877 n. 11 (9th Cir.2006), and we affirm. The parties are familiar with the facts and we do not repeat them here.

MultiCare bases its cause of action against Maplehurst upon breach of the Payor Agreement, a contract between Benicorp, Inc. and Community Care Network, Inc. MultiCare's claim fails because Maplehurst is not a party to the Payor Agreement and does not owe MultiCare a duty or payment obligation under the Payor Agreement.

MultiCare argues that Maplehurst is bound by the terms of the Payor Agreement because Benicorp acted as Maplehurst's agent when entering into the contract. We disagree. "An agency relationship generally arises when two parties consent that one shall act under the control of the other." *Rho Co. v. Dep't of Revenue*, 113 Wash.2d 561, 782 P.2d 986, 991 (1989). The record does not

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

show that Benicorp acted under Maplehurst's control when entering into the Payor Agreement. To the contrary, the contract between Benicorp and Maplehurst explicitly disclaimed the existence of an agency relationship between the two parties.

MultiCare argues that Maplehurst ratified the Payor Agreement by paying MultiCare for part of the cost of Nieves' care. To ratify a contract, the alleged principal must intend to affirm or approve the contract. *Lockwood v. Wolf Corp.,* 629 F.2d 603, 609 (9th Cir.1980) (applying Washington law). There is no evidence that Maplehurst, in paying MultiCare part of the money it was owed, intended to ratify the Payor Agreement. Maplehurst never read the Payor Agreement to obligate it to pay MultiCare for services rendered. Maplehurst had no demonstrable intention of ratifying an agreement to which it was not a party. Instead, Maplehurst understood its payments to MultiCare to be made pursuant to Maplehurst's contractual obligations under the Maplehurst Bakeries, Inc. Employees Benefit Plan ("Maplehurst Plan").

MultiCare further contends that our decision in *Blue Cross of Cal. v. Anesthesia Care Assocs. Med. Group,* 187 F.3d 1045 (9th Cir.1999), compels the opposite result. MultiCare's argument is premised upon the false assumption that Maplehurst was bound by, and breached, the Payor Agreement. In *Blue Cross,* we held that medical providers' claims against Blue Cross for breach of a payor-provider agreement were not preempted by ERISA, notwithstanding the fact that the medical providers obtained assignments of benefits from beneficiaries of ERISA-covered health care plans. *Id.* at 1051–52. Critical to the holding in *Blue Cross* was the fact that separate payor-provider agreements existed between the providers and Blue Cross. By contrast, here, MultiCare does not have a cause of action based upon breach of the Payor Agreement. Because MultiCare's ability to obtain payment at all was based on Nieves' assignment of plan benefits, *Blue Cross* is inapposite. The appropriate agreement under which to sue the employer for breach of contract was the Maplehurst Plan, and the Maplehurst Plan's two-year contractual limitations period applies. Since MultiCare filed suit after the two-year limitations period expired, its claim is time-barred.

Because MultiCare cannot successfully base its claim upon breach of the Payor Agreement, we do not reach the question whether the two-year contractual limitations period contained in the Maplehurst Plan applies to suits for payment pursuant to the Payor Agreement.

**AFFIRMED.**